```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     DALLAS DIVISION

EL SERENO, LLC,                  §
                                 §
              Plaintiff,         §
                                 § Civil Action No. 3:09-CV-0556-D
VS.                              §
                                 §
CITY OF GARLAND,                 §
                                 §
              Defendant.         §
```

MEMORANDUM OPINION
AND ORDER

In this lawsuit alleging discrimination under the Fair Housing Act ("FHA"),[1] plaintiff El Sereno, LLC ("El Sereno") moves for summary judgment. The court denies the motion and raises *sua sponte* that defendant City of Garland ("the City") is entitled to summary judgment dismissing this action because El Sereno cannot establish that its tenants are protected based on "familial status," as that term is defined in the FHA. The court grants El Sereno 30 days from the date of this memorandum opinion and order to file a response demonstrating that summary judgment should not be entered dismissing this action.

I

The material facts on which the court's decision turns are essentially undisputed.[2] El Sereno is a corporation that owns

---

[1] 42 U.S.C. § 3601 *et seq.*

[2] Although there are disputed fact issues, they are not *material* fact issues in light of the reasoning on which the court relies. The City objects to evidence on which El Sereno relies in support of its summary judgment motion. The court need not address

three houses in Garland, Texas that are located in areas that are zoned only for single-family residences. The houses range in size from five to six bedrooms, and El Sereno rents the bedrooms to various individuals who otherwise might be homeless. El Sereno's tenants are not allowed to consume alcohol or drugs on the premises, and while some may be disabled, El Sereno's policy is to rent rooms only to individuals who do not need assistance in performing daily life functions.[3]

The City's zoning ordinances specify that El Sereno's houses may only be occupied by a single family, defined as "one or more persons occupying a dwelling, not more than four of whom are unrelated to each other by blood, marriage, or adoption." Garland, Tex., City Code § 32.04. According to El Sereno, the City has issued more than 30 citations to El Sereno for various Code violations. At some point, more than four unrelated persons have resided in each of El Sereno's residences, in violation of

---

these objections because the court has not relied in its decision on any evidence to which the City objects.

[3]In its complaint, El Sereno alleges some of its tenants are "recovering from addictions to alcohol and other controlled substances." Compl. ¶ 26. El Sereno never asserts that its FHA claims are based on the disabled status of its tenants, which under the FHA may not include substance addiction. *See* 42 U.S.C. § 3602(h) (defining handicap to "not include current, illegal use of or addiction to a controlled substance"); *but see City of Edmonds v. Oxford House, Inc.*, 514 U.S. 726, 729 (1995) (noting stipulation by parties that "alcoholics and drug addicts" are handicapped persons within the meaning of the FHA).

§ 32.04.[4]

El Sereno alleges that the City's ordinances violate the FHA, and it sues the City under the FHA on three counts, seeking declaratory and injunctive relief and damages.[5] In particular, El Sereno alleges that the City Code invidiously discriminates against El Sereno's tenants and disparately impacts the tenants, in violation of the FHA's provisions protecting tenants from

---

[4]El Sereno alleges in its complaint that it is "renting the residences to five or more unrelated individuals." Compl. ¶ 26. In the declaration of El Sereno's President, he avers that "[m]y company has been made to evict qualified tenants because the City of Garland has placed a maximum number of individuals who may reside in the home who are unrelated." P. App. 1.

[5]El Sereno states in its complaint that each of its claims is asserted pursuant to the FHA, 42 U.S.C. § 1983, and 42 U.S.C. § 1988. *See* Compl. ¶¶ 22, 37, and 42. Although § 1983 is broader than the FHA in that it provides a remedy for violations of the United States Constitution or federal law, there is no indication in the complaint that El Sereno is asserting a substantive claim on any basis other than the FHA. Section 1988 provides for the recovery of attorney's fees and costs in certain circumstances and does not of itself afford El Sereno an additional substantive claim. That El Sereno is not now bringing claims other than under the FHA is confirmed elsewhere in its complaint. In ¶ 20 El Sereno purports to "specifically reserve any and all federal causes of action arising under the United States Constitution that are not specifically pled herein[.]" Compl. ¶ 20.
Although it is unclear whether El Sereno would oppose summary judgment on this basis, the court notes that El Sereno cites in ¶ 20 three cases to support a so-called "reservation of unpled federal claims." But the cited cases do not hold that a party is entitled to assert certain claims in its complaint and then avoid summary judgment by reserving other, unpleaded causes of action. This would enable a party to defeat summary judgment based on claims that had not been asserted as of the time the motion was filed, which it cannot do. *See, e.g., Days Inn Worldwide, Inc. v. Sonia Invs.*, 2006 WL 3103912, at *20 (N.D. Tex. Nov. 2, 2006) (Fitzwater, J.) (citing *Becker v. Nat'l Educ. Training Group, Inc.*, 2002 WL 31255021, at *6 (N.D. Tex. Oct. 7, 2002) (Lynn, J.)).

discrimination based solely on "familial status." Citing § 32.04, El Sereno asserts that the City Code violates the FHA by "creat[ing] more stringent requirements on groups of unrelated individuals wishing to live together than on individuals related by blood or marriage." Compl. ¶ 33. It moves for summary judgment in its favor on its FHA claims. The City opposes the motion.[6]

II

The City does not challenge El Sereno's standing to bring this action. But "standing is a prerequisite to the exercise of federal jurisdiction[.]" *AHF Cmty. Dev., LLC v. City of Dallas*, 633 F.Supp.2d 287, 292 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Cole v. Gen. Motors. Corp.*, 484 F.3d 717, 721 (5th Cir. 2007)). The court will therefore consider on its own initiative whether El Sereno has standing.

Although standing normally "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise," *Warth v. Seldin*, 422 U.S. 490, 498 (1975), Congress may "by legislation, expand standing to the full extent permitted by Art. III," thus proscribing the judicial cognizance of prudential standing considerations, *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979). Congress

---

[6]The City has filed objections to some of the evidence on which El Sereno relies in support of its motion. Because the court in its decision is not relying on evidence to which the City objects, the court overrules the objections as moot.

has done so under the FHA. *See Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) ("The Supreme Court has held that the sole requirement for standing under the FHA is the Article III minima.") (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982)). Therefore, standing under the FHA depends only on the constitutional elements of injury in fact, causation, and redressability.

As the party seeking to invoke federal jurisdiction, El Sereno bears the burden of proving its standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."). Because the City does not challenge El Sereno's standing, it has not been necessary for El Sereno to adduce evidence to support standing. The court will therefore analyze the allegations of El Sereno's complaint to determine whether El Sereno has adequately alleged the elements of standing.

Because Congress has abrogated prudential standing under the FHA, El Sereno can establish its own standing based on the rights of its tenants to be free from unlawful discrimination. *AHF Cmty. Dev.*, 633 F.Supp.2d at 293. "[A]s long as the plaintiff suffers actual injury as a result of the defendant's conduct, he is permitted to prove that the rights of another were infringed."

- 5 -

*Gladstone Realtors*, 441 U.S. at 103 n.9 (interpreting FHA); *see Warth*, 422 U.S. at 501 ("[P]ersons to whom Congress has granted a right of action . . . may have standing to seek relief on the basis of the legal rights and interests of others[.]").

First, El Sereno has adequately alleged injury in fact. It is well settled that economic loss represents injury in fact. *AHF Cmty. Dev.*, 633 F.Supp.2d at 295 (citing *Energy Mgmt. Corp. v. City of Shreveport*, 397 F.3d 297, 302 (5th Cir. 2005)). El Sereno avers that the City's conduct has, *inter alia*, caused it to lose potential and existing clients and has increased its business costs. Compl. ¶ 43.

Second, El Sereno has adequately pleaded causation. To satisfy this element of standing, El Sereno must establish that its putative injury is fairly traceable to the City's allegedly unlawful actions. The injury must not be the result of the independent action of some third party not before the court. *AHF Cmty. Dev.*, 633 F.Supp.2d at 295 (citing *Lujan*, 504 U.S. at 560). "[A]lthough the causal connection 'cannot be too speculative, or rely on conjecture about the behavior of other parties, [it] need not be so airtight . . . as to demonstrate that [El Sereno] would succeed on the merits.'" *Id.* (some brackets and ellipsis in original) (quoting *Coal. for a Sustainable Delta v. Carlson*, 2008 WL 2899725, at *5 (E.D. Cal. July 24, 2008)). El Sereno has sufficiently alleged that the City's actions have caused it, *inter*

*alia*, to lose potential and existing clients and has increased its business costs. Compl. ¶ 43.

Third, El Sereno must establish that it is likely, as opposed to merely speculative, that its injury will be redressed by a favorable decision. *AHF Cmty. Dev.*, 633 F.Supp.2d at 295 (citing *Lujan*, 504 U.S. at 561). El Sereno has adequately alleged that the damages it seeks will redress its economic loss.

Considering that the City does not challenge El Sereno's standing and that El Sereno has adequately pleaded the elements of Article III standing, the court holds that El Sereno has standing to bring these FHA claims.[7]

### III

A party's summary judgment burden depends on whether it is addressing a claim or defense for which it will have the burden of proof at trial.[8] To be entitled to summary judgment on a claim for which it will have the burden of proof, a party "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878

---

[7]The court has not considered whether El Sereno could create a genuine issue of material fact on each element of standing if the City were to move for summary judgment based on alleged lack of standing.

[8]The parties have entered into a stipulation that arguably has the effect of restricting the legal issues that the court is authorized to decide. *See* D. App. 3. Because the parties cannot, without court approval, bind the court through such a stipulation, the court will disregard it to the extent it would have this effect.

- 7 -

F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)). El Sereno, as the plaintiff in this action, bears the burden of proof on its FHA claims and therefore must satisfy the "beyond peradventure" standard to be entitled to summary judgment.

The court can raise *sua sponte* that a summary judgment is warranted on a particular claim, provided it affords the nonmovant notice and a fair opportunity to file an opposition response. *See, e.g., Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *9 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) (citing *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991)).

IV

El Sereno alleges that the City is discriminating against its tenants on the basis of "familial status" because the maximum allowed occupancy of a single family residence depends on whether the occupants are related by blood, marriage, or adoption.

A

The FHA forbids discrimination on the basis of familial status in the provision of housing. *See* 42 U.S.C. § 3604(a) (making it unlawful to "make unavailable or deny, a dwelling to any person because of . . . familial status"). A discrimination claim brought under the FHA "'may be established not only by proof of discriminatory intent, but also by proof of a significant discriminatory effect.'" *Artisan/Am. Corp. v. City of Alvin, Tex.*, 588 F.3d 291, 295 (5th Cir. 2009) (citing *Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1555 (5th Cir. 1996)). To establish either claim, however, El Sereno must prove that its tenants are protected under the familial status provisions of the FHA.

The FHA defines "familial status" as follows:

> one or more individuals (who have not attained the age of 18 years) being domiciled with—
>
> (1) a parent or another person having legal custody of such individual or individuals; or
>
> (2) the designee of such parent or other person having such custody, with the written permission of such parent or other person.
>
> The protections afforded against discrimination on the basis of familial status shall apply to any person who is pregnant or is in the process of securing legal custody of any individual who has not attained the age of 18 years.

42 U.S.C. § 3602(k). Familial-status discrimination is therefore properly understood as "discrimination against parents or other

- 9 -

custodial persons domiciled *with children under the age of 18*." *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 728 n.1 (1995) (emphasis added); *see, e.g.*, *White v. U.S. Dep't of Hous. & Urban Dev.*, 475 F.3d 898, 906 (7th Cir. 2007) (holding that "the FHA does not include marital status among its protected classifications."). Thus the familial status provision of the FHA prohibits discrimination against the parent of an individual under age 18, another person having legal custody of such an individual, the designee of such a parent or other person having such custody (with written permission), a person who is pregnant, or a person who is in the process of securing legal custody of an individual under age 18. *See* 42 U.S.C. § 3602(k); *Woodard v. Fanboy, L.L.C.*, 298 F.3d 1261, 1264-65 (11th Cir. 2002). To be protected against discrimination under the FHA, "a family must satisfy three elements[:] . . . (1) there must be one or more minors (2) domiciled with (3) a parent, a legal custodian, the designee of a parent with written permission, or the designee of a legal custodian with written permission." *Ortega v. Hous. Auth. of City of Brownsville*, 572 F.Supp.2d 829, 837 (S.D. Tex. 2008).

B

In its opposition to El Sereno's motion, the City argues that El Sereno has misunderstood the meaning of "familial status" under the FHA and that El Sereno's tenants do not have protected familial

status.[9]  The court agrees.  El Sereno does not allege that any individuals under age 18 (or unborn children) have lived, now live, or desire to live in any of the three Garland residences that El Sereno owns, or that any of its tenants is the parent of an individual under age 18, another person having legal custody of such an individual, the designee of such a parent or other person having such custody (with written permission), a person who is pregnant, or a person who is in the process of securing legal custody of an individual under age 18.  El Sereno never suggests that its claims rest on discrimination against a person whose familial status is relevant under the definition of "familial status" contained in the FHA.  Nor has El Sereno presented any evidence that would enable a reasonable trier of fact to find that it can satisfy this requirement.  Therefore, the provisions of the FHA prohibiting discrimination on the basis of familial status are inapplicable under the allegations and evidence on which El Sereno relies.

El Sereno has not cited any case law that indicates that the FHA prohibits discrimination based on whether individuals who share a residence are related by blood, marriage, or adoption.  In fact, the Supreme Court has specifically held that single-family zoning does not violate the Equal Protection Clause of the Fourteenth

---

[9]The City raised this argument in its response to El Sereno's motion for summary judgment.  El Sereno did not file a reply brief responding to the City's argument.

Amendment, and it has not suggested that such zoning is illegal under any federal law, including the FHA. *See Vill. of Belle Terre v. Boraas*, 416 U.S. 1, 7 (1974). The Court has noted that "legitimate guidelines" imposed "to lay out zones where family values, youth values, and the blessing of quiet seclusion and clean air make the area a sanctuary for people" are constitutional and within the police power of the state. *Id.* at 9.

Therefore, because El Sereno has failed to establish beyond peradventure all the essential elements of each of its FHA claims, the court denies El Sereno's motion for summary judgment.

V

The court raises *sua sponte* that the City is entitled to summary judgment dismissing this action. El Sereno has presented no evidence that any of its tenants has met or now meets the definition of persons who have protected "familial status," as that term is defined under the FHA. There is no evidence that any tenant is an individual who has not attained the age of 18 years and is domiciled with a parent, another person having legal custody of the individual, the designee of such a parent or other person having such custody (with written permission), or a person who is in the process of securing legal custody of the individual, or that the tenant is a person who is pregnant. Because El Sereno's claims turn on the allegedly protected familial status of its tenants, this lack of evidence is fatal.

Because the court has raised *sua sponte* that the City is entitled to summary judgment dismissing El Sereno's lawsuit, it must afford El Sereno the opportunity to demonstrate why summary judgment should not be granted on this basis.  Accordingly, if El Sereno desires to oppose summary judgment, it must file a supplemental brief, and an appendix that contains any supporting evidence, within 30 days of the date this memorandum opinion and order is filed.  If it does not, the court will grant summary judgment in favor of the City on the basis explained in this memorandum opinion and order.  If El Sereno does respond, the court will determine whether to request a reply brief from the City.

\*   \*   \*

Accordingly, the court denies El Sereno's January 14, 2010 motion for summary judgment, and it grants El Sereno 30 days from the date of this memorandum opinion and order to file a response demonstrating that summary judgment should not be entered dismissing this action.

**SO ORDERED.**

April 29, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE